36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Boyde L. MARR, Plaintiff-Appellant,
v.
James J. DIXON; George Mance; Marvin T. Runyon, Postmaster
General, Defendants-Appellees.
 No. 93-3786.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 After being discharged from employment by the United States Postal Service, Boyde L. Marr brought suit under Title VII, the Age Discrimination in Employment Act, and the Civil Service Reform Act. Marr now appeals the district court's order striking Marr's jury demand and claim for compensatory damages, and the court's grant of summary judgment in favor of the Postal Service. For the following reasons, we vacate the decision of the district court and remand this case to the district court with instructions to dismiss due to lack of jurisdiction.
 
 
 2
 * Marr, a black male who was born on July 20, 1936, began working for the Postal Service in Cleveland, Ohio, in 1960, and was promoted to the position of Supervisor, EAS-15, in approximately 1984. In 1985, Marr was transferred to the Dayton, Ohio post office. At some point shortly after the transfer, T. Grubbs, the superintendent at the Dayton post office, called Marr "boy." Although Marr prepared an Equal Employment Opportunity complaint concerning the incident, he never received a hearing on this charge.
 
 
 3
 Throughout Marr's tenure in the Dayton office, he contends that his supervisors refused to allow him the additional personnel he required to perform his duties. In September 1986 and February 1988, a general supervisor and Marr's immediate supervisor, respectively, issued him disciplinary letters of warning, both of which Marr refused to sign. On a separate occasion, George Mance, a black male who was acting as Marr's supervisor at that time, used a racially derogatory term in explaining to Marr that Mance was in charge at the office, and that it was Mance's job to keep the rest of the black workers in line.
 
 
 4
 On March 25, 1988, Marr was summoned into Mance's office, where Mance informed him that he was receiving yet another disciplinary letter of warning. At this point, the parties offer extremely divergent renditions of the facts. The Postal Service alleges that Marr struck Mance in the face with a manila folder, grabbed Mance by the arm, and, in profanity-laden terms, specifically threatened Mance. Marr, on the other hand, contends that although he refused to sign the letter of warning, he never threatened, touched, or struck Mance.
 
 
 5
 After Mance reported his version of this incident, Marr was placed on emergency off duty-status on March 29. On April 12, as a result of both the confrontation with Mance and the earlier disciplinary actions against Marr, the Postal Service issued a notice of proposed removal to Marr for "conduct unbecoming a postal supervisor/threatening a postal employee." Although Marr contested this action, the Postal Service informed him on April 27 that he would be discharged on May 17.
 
 
 6
 On May 10, 1988, Marr filed a pro se appeal of his discharge with the Merit Systems Protection Board. In that notice of appeal, Marr stated in pertinent part that he believed he was being forced out of the Postal Service because of his age, and that he felt discriminated against because he had not been given any just cause for his removal. On May 16, Marr filed what appears to be an amended notice of appeal, in which he reiterated that he had been discharged without "just cause." On May 19, the administrative law judge to whom Marr's appeal had been assigned instructed the parties that all submissions to the board were to be served upon the opposing parties and accompanied by a certificate of service.
 
 
 7
 Marr subsequently attempted to submit a letter, dated June 21, to the board. In the letter, Marr referred to the incident in which Superintendent Grubbs called him "boy," and alleged that since he reported that incident to the EEOC, he had been "going through the mills, harassments, [and] intimidations." After receiving Marr's letter and conducting a pre-hearing conference, the administrative law judge issued an order stating that he understood Marr to be raising only two defenses to the discharge: (1) that Marr denied the allegations by Mance regarding the confrontation in Mance's office between the two men; and (2) that the Postal Service's decision to discharge Marr was the result of age discrimination. The judge then denied Marr's request to present evidence in support of the latter defense on the ground that Marr had not alleged any causal connection between his age and the decision to discharge him, and thus his age discrimination claim was frivolous. Although the judge subsequently invited the parties to notify him of any errors in his order, Marr made no attempt to inform the judge that the order overlooked any defenses based on other discrimination claims. Finally, the judge returned Marr's June 21 letter to him because it was not accompanied by a certificate of service, as required by 5 C.F.R. Sec. 1201.26(b)(2). The judge invited Marr to resubmit the letter, with the proper documentation, but Marr never did so.
 
 
 8
 Following a hearing on the merits, the administrative law judge issued a decision on September 15 crediting Mance's version of his confrontation with Marr, and affirming the Postal Service's decision to discharge Marr. Adding a claim that the Postal Service had also discriminated against him on the basis of his race, Marr petitioned the board for an administrative review of the judge's ruling. While this petition was pending, Marr moved to supplement the record on appeal with an affidavit in which the affiant, Sally Boles, cast doubt on Mance's credibility. Based on its determination that this additional information would not have affected the adjudication on the merits, the board denied Marr's motion to submit the Boles affidavit. On July 8, 1991, the board issued an opinion upholding the decision to discharge Marr on the basis of his confrontation with Mance, declining to address Marr's claim of race discrimination because it had not been raised in a timely fashion, and remanding the case to allow Marr to attempt to make a nonfrivolous claim of age discrimination.
 
 
 9
 Pursuant to the board's remand, the administrative law judge issued an order on July 19 directing Marr to submit evidence and argument supporting the age discrimination claim by August 4. On September 30, noting that Marr had not complied with the terms of the July 19 order, the judge ruled that Marr had failed to carry his burden of proving that the Postal Service's decision to remove him was a pretext for age discrimination.
 
 II
 
 10
 Claiming that he had been improperly suspended and discharged, Marr filed suit on November 22, 1991, in the United States District Court for the Southern District of Ohio against the Postmaster General, James J. Dixon (a labor relations representative of the Postal Service), and Mance. In an amended complaint, Marr alleged that defendants had discriminated against him on the basis of his age, in violation of the Age Discrimination and Employment Act, and his race and sex, in violation of Title VII of the Civil Rights Act of 1964. Furthermore, Marr alleged that defendants had retaliated against him for filing discrimination complaints, also in violation of Title VII, and that the Merit Systems Protection Board, in affirming his discharge from employment, had abused its discretion under the Civil Service Reform Act and violated his constitutional right to due process.
 
 
 11
 On October 9, 1992, the district court granted defendants' motion to strike Marr's jury demand and claim for compensatory damages, and to dismiss with prejudice all claims against any person other than the Postmaster General. In granting the motion to strike, the court reasoned that individuals suing under Title VII or the Age Discrimination in Employment Act were not entitled to a jury trial or to compensatory damages prior to the Civil Rights Act of 1991, and that the Sixth Circuit has expressly held that the 1991 Act does not apply to conduct, such as that at issue in Marr's complaint, that occurred before its enactment. See Vogel v. City of Cincinnati, 959 F.2d 594, 597 (6th Cir.), cert. denied, 113 S.Ct. 86 (1992).
 
 
 12
 On May 17, 1993, the district court granted summary judgment in favor of the Postal Service. In so ruling, the court found first that Marr had failed to exhaust his administrative remedies with respect to, and had abandoned, his claims of race and sex discrimination, and unlawful retaliation. The court also concluded that Marr had failed to establish a prima facie case of age discrimination. Finally, the court held that the board acted well within its discretion, and did not violate Marr's due process rights, in rejecting his attempted submissions of the June 21, 1988, letter and of the Boles' affidavit challenging Supervisor Mance's credibility. This timely appeal, in which Marr makes no mention of his sex discrimination claim, followed.
 
 III
 
 13
 As this Court has noted, " 'every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." ' " Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934))). Because we conclude that the district court lacked jurisdiction over Marr's suit, we do not reach his substantive allegations of error.
 
 
 14
 District courts lack jurisdiction over most challenges to personnel decisions by federal agencies such as the Postal Service. United States v. Fausto, 484 U.S. 439, 449 (1988) (general rule); see, e.g., Yokum v. United States Postal Service, 877 F.2d 276, 279-80 & n. 3 (4th Cir.1989) (Postal Service employees may not seek review of discharge orders in federal district court). A federal employee seeking to challenge the merits of such a decision must do so before the Merit Systems Protection Board, the rulings of which are, in turn, reviewed by the United States Court of Appeals for the Federal Circuit. 5 U.S.C. Sec. 7703(b). By contrast, a federal employee pleading a "mixed case," or one in which he challenges a personnel action both on its merits and on the ground that it constituted unlawful discrimination, must bring his claim initially before the Merit Systems Protection Board, but then may seek review of the board's decision in federal district court. 5 U.S.C. 7703(b)(2). Under this framework, the Federal Circuit has no jurisdiction if a federal employee has a discrimination claim to litigate. Williams v. Department of Army, 715 F.2d 1485, 1491 (Fed.Cir.1983). If, on the other hand, a federal employee does not raise a claim based on discrimination, the Federal Circuit has exclusive jurisdiction. Hill v. Department of Air Force, 796 F.2d 1469, 1470-71 (Fed.Cir.1986). A federal employee seeking to contest the merits of his discharge who merely adds a frivolous allegation of discrimination will not vest the district court with jurisdiction. Id. (if facially "mixed" complaint does not state cognizable discrimination claim, Federal Circuit retains exclusive jurisdiction). Accordingly, a district court has "ample authority" to dismiss both a federal employee's nondiscrimination and discrimination claims where the court deems the latter to be frivolous. Williams, 715 F.2d at 1491.
 
 
 15
 Here, Marr never effectively raised claims of race discrimination and unlawful retaliation before the Merit Systems Protection Board. First, the June 21, 1988, letter in which Marr contends that he made these claims was never properly submitted, and did not even allege that Marr was discriminated against because he was black. Marr did not object, moreover, when the administrative law judge informed him that the only defenses Marr had presented to his discharge were his denial of Mance's allegations regarding the confrontation between the two men, and his claim that he was discharged because of his age. Marr also cannot rely on his attempt to raise a claim of race discrimination in his appeal of the administrative law judge's decision, because the board has the discretion to refuse to consider an issue framed for the first time in a petition for review, after the record has been closed. Wallace v. Department of Air Force, 879 F.2d 829, 832 (Fed.Cir.1989). Finally, in support of the proposition that he raised a claim of unlawful retaliation before the board, Marr now relies solely on his own deposition testimony. That deposition, however, was taken in February of 1993, more than a year after the board had rendered its final decision in this matter.
 
 
 16
 Marr, however, did allege before the board that the Postal Service discriminated against him because of his age. To establish a prima facie case of age discrimination, a plaintiff who lacks direct evidence of such discrimination must show that he or she: (1) was a member of the protected class; (2) suffered an adverse employment action; (3) was qualified for the position lost or not gained; and (4) was replaced by, or passed over for, a person not of the protected class. Manzer v. Diamond Shamrock Chems. Co., No. 93-5513, 1994 U.S.App. LEXIS 17747, at * 4 (6th Cir. July 20, 1994). In support of his age discrimination claim, Marr provided only the conclusory statement that he was discharged because of his age. Although we recognize that often "there is no fixed, easy formula to prove the circumstances of the discrimination," Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 114 S.Ct. 175 (1993), given the facts in this case, we believe Marr's contention that the Postal Service would not have discharged him but for his age to be frivolous. Accordingly, Marr challenged only the merits of his discharge and did not present a true "mixed" case to the Merit Systems Protection Board. The Federal Circuit, therefore, has exclusive jurisdiction to review the board's decision in this matter.
 
 IV
 
 17
 For the foregoing reasons, the judgment of the district court is vacated and the case is remanded for entry of an order of dismissal due to lack of jurisdiction.