*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION:  2001 FED App. 0279P (6th Cir.)
File Name:  01a0279p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AL BURZYNSKI, Administrator
of the Estate of Alfred W.
Halevan, deceased,
> *Plaintiff-Appellant,*

v.

WILLIAM S. COHEN, Secretary
of Defense,
> *Defendant-Appellee.*

No. 99-4298

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 98-00333—James L. Graham, District Judge.

Argued:  January 30, 2001

Decided and Filed:  August 23, 2001

Before:  JONES and COLE, Circuit Judges; NUGENT,
District Judge.

_____

*The Honorable Donald C. Nugent, United States District Judge for
the Northern District of Ohio, sitting by designation.

---

## COUNSEL

**ARGUED:** Teresa L. Cunningham, Florence, Kentucky, for Appellant.  Randall E. Yontz, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee. **ON BRIEF:** Teresa L. Cunningham, Florence, Kentucky, for Appellant.  Randall E. Yontz, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

---

## OPINION

---

NATHANIEL R. JONES, Circuit Judge**.** Plaintiff-Appellant, Al Burzynski, administrator of the estate of Alfred Halevan, deceased ("Halevan") appeals the district court's order of summary judgment, which dismissed all but one of Halevan's claims arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-16.  The subsequent trial on the remaining claim (arising under the ADEA) resulted in a finding for the defendant, which Halevan also appeals.  For the reasons provided below, we **AFFIRM** the district court's order of summary judgment as well as the verdict in favor of the defendant.

## I. BACKGROUND

Halevan is a former employee of the Defense Finance and Accounting Service ("DFAS"), a federal agency within the Department of Defense.   On March 29, 1994, Halevan applied for the position of supervisory accountant, grade level GS-510-13, Job Opportunity Announcement ("JOA") 94-088-LK.  That position was awarded to Barbara Innskeep, who was twenty-nine years old at the time and twenty-seven years younger than Halevan.

experience in the position of supervisory accountant, the position at issue here.  Moreover, while Halevan received performance evaluations of "highly successful" and "fully successful," Ms. Innskeep had received the higher performance evaluation of "exceptional."  The district court concluded that plaintiff failed to rebut these facts and thus had failed to prove pretext.  We find that the trial court's findings are not clearly erroneous.  Since Plaintiff failed to prove that defendant's rationale for his non-selection was a pretext for discrimination,  we affirm the district court's finding that defendant is not liable under the ADEA for age discrimination.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order of summary judgment and the court's finding, after a trial, that defendant is not liable for age discrimination under the ADEA.

### F. Trial Court's Finding of No Liability under ADEA

The sole claim that survived summary judgment was Halevan's non-selection for JOA 94-088-LK, which he alleged was the product of age discrimination in violation of the ADEA. The district court applied the burden-shifting evidentiary framework originally articulated in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 1824-26, 36 L.Ed.2d 668 (1973) and later refined in *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256-59, 101 S.Ct. 1089, 1095-97, 67 L.Ed. 2d 207 (1981) in analyzing plaintiff's claim of age discrimination. To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must establish that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) after he was rejected, a substantially younger applicant was selected. *See Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir. 1998). If the plaintiff successfully establishes a *prima facie* case, the burden of production shifts to the defendant to articulate a non-discriminatory reason for its action. *See id.* If the defendant comes up with such a reason, the plaintiff must then demonstrate by a preponderance of the evidence that the defendant's proffered reason was a pretext for age discrimination. *See id.*

The district court found that plaintiff established a *prima facie* case of discrimination. The district court further found that defendant articulated a non-discriminatory rationale for plaintiff's non-selection--the person who was selected for the position (Barbara Innskeep) was simply the better candidate. The district court concluded that plaintiff failed to prove that defendant's proffered reason for its decision was a pretext for discrimination. The court noted that both the plaintiff and Ms. Innskeep have bachelor degrees of science in business with a major in accounting. However, Ms. Innskeep's grades in her course work are superior to plaintiff's. Although Halevan had far more overall work experience in the accounting field, the district court observed that Ms. Innskeep had prior

Halevan filed an administrative complaint with DFAS on August 5, 1994, alleging that his non-selection for the GS-510-13 position, JOA 94-088-LK, was based on age discrimination. In his charge, Plaintiff referred to a pattern established by the defendant in its hiring practices for the last six vacancy announcements, noting that those positions were filled by persons under forty years of age. DFAS issued a final decision on plaintiff's complaint on April 2, 1996, and found that there was no discrimination. Plaintiff pursued an appeal to the Equal Opportunity Employment Commission ("EEOC"), which ultimately affirmed the agency's decision.

On April 1, 1996, Halevan filed a second administrative complaint with DFAS contesting his non-selection for the position of staff accountant, GS-510-13, JOA 96-046-EB, on the basis of age and sex discrimination. In support of his age discrimination claim, Halevan alleged that the person selected was not qualified for the position. He further alleged that thirteen of the last fifteen persons selected for GS-510-13 positions were female. Halevan failed to appear at an EEOC hearing scheduled on March 5, 1997, and his case was remanded to DFAS for further administrative processing. On April 16, 1997, DFAS issued a final decision denying Halevan's age and sex discrimination complaint.

Halevan retired from DFAS on October 16, 1996. On February 19, 1997, Halevan filed a third administrative complaint with DFAS alleging that his retirement amounted to a constructive discharge caused by harassment, disparate treatment, and reprisal. In September of 1997, DFAS issued a final agency decision finding no discrimination. Halevan appealed to the Merit Systems Protection Board ("MSPB") on October 29, 1997. On November 25, 1997, the MSPB dismissed the petition on the basis that the plaintiff failed to advance a non-frivolous allegation that his retirement was involuntary or that a reasonable person in his situation would have felt compelled to resign, and that therefore the MSPB lacked jurisdiction. The opinion notified the plaintiff that the decision would become final on December 30, 1997, and his time limit for appeal to the Federal Circuit Court of Appeals

would run from that date. Halevan did not pursue an appeal to the Federal Circuit Court of Appeals.

Halevan filed a complaint with the district court on March 30, 1998. In Count I of the complaint, Halevan alleged that during the course of his employment with DFAS, he applied for over forty GS-510-13 positions for which he was qualified, and that persons who were substantially younger than him were selected for those positions. In Count II, plaintiff alleged that the defendant had maintained a pattern of age discrimination in violation of the ADEA. In Count III, plaintiff alleged that the defendant discriminated against him because of his sex in violation of Title VII. The defendant brought a partial motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) arguing that all of plaintiff's claims, except one,[1] should be dismissed due to plaintiff's failure to properly exhaust his administrative remedies and comply with the time limits for filing an action under Title VII and the ADEA.[2] The district court ultimately agreed and granted defendant's motion.

After a bench trial on the sole claim to survive summary judgment (plaintiff's non-selection for JOA 94-088-LK), the district court found that Halevan had established a *prima facie* case of discrimination under the ADEA and that defendant had offered a non-discriminatory reason for not promoting the plaintiff. However, the district court concluded that Halevan had failed to prove that defendant's non-discriminatory rationale for the non-promotion was a pretext

---

[1] Both parties agree that Halevan's non-selection for JOA 94-088-LK was not procedurally defaulted. Halevan's first administrative complaint filed on August 5, 1994, was based on his non-selection for this position. This claim went to trial resulting in a finding of no liability in favor the defendant.

[2] Since both parties submitted affidavits and other documents outside the pleadings in support of their positions, the court considered the motion as one for partial summary judgment on the issues of timeliness and exhaustion of administrative remedies. *See* J.A. at 294.

evidence of a pattern or practice was inadmissible, thus, a broad request for information relating to positions other than 94-088-LK was not justified. We find that the district court did not abuse its discretion in denying plaintiff's motion to compel production. *See Abrams v. Federal Deposit Insurance Corp.*, 944 F.2d 307, 311 (6th Cir.1991) (explaining that this court reviews a district court's ruling on a discovery motion for abuse of discretion); *Tarleton v. Meharry Medical College*, 717 F.2d 1523, 1525 (6th Cir. 1983).

Halevan also appeals the district court's exclusion of evidence of a "pattern or practice discrimination" by the defendant. This court reviews evidentiary rulings for abuse of discretion. *See Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999). Halevan sought to introduce evidence of numerous other failures by the defendant to promote him to positions for which he applied. The district court held that it had already determined that any claims related to other instances of failure to promote are time-barred. The court observed that it did not seem fair to allow plaintiff the benefit of whatever evidentiary value these other forty incidents may have, while expecting the defendant to defend against forty time-barred claims, particularly when the relevance of this evidence to the single discrete failure to promote at issue in this case is slim. Accordingly, the district court ruled that the evidence of pattern or practice discrimination was inadmissible. The district court did not abuse its discretion in excluding this evidence.

Finally, Halevan argues that the trial court erred in denying his demand for a jury trial. This argument is without merit. The Supreme Court has held that plaintiffs suing the Federal Government under the ADEA do not have a right to a jury trial. *See Lehman*, 453 U.S. at 168-69, 101 S.Ct. at 2705-06. Thus, the district court properly denied Halevan's demand for a jury trial.

that a reasonable person in his position would have felt compelled to resign and thus, the Board lacked jurisdiction to hear plaintiff's appeal.  It is well settled that "a federal employee seeking to contest the merits of his discharge who merely adds a frivolous allegation of discrimination will not vest the district court with jurisdiction." *Marr v. Dixon*, No. 93-3786, 1994 U.S. App. LEXIS 26597, at *10 (6th Cir. Sept. 19, 1994) (unpublished); *Hill v. Dep't of the Air Force*, 796 F.2d 1469, 1471 (Fed. Cir. 1986) ("[I]f the Board correctly held that the employee presented no more than a frivolous allegation of discrimination . . . review of the merits of the adverse action lies exclusively with the Federal Circuit.").  Furthermore, a determination by the Board that it lacks jurisdiction gives the Federal Circuit exclusive jurisdiction over that appeal. *See* 28 U.S.C. § 1295 (a)(9);  5 U.S.C. § 7703(b)(1);  *Sloan v. West,* 140 F.3d 1255 (9th Cir. 1998) ( "[A]s a general rule, an MSPB determination that it lacks jurisdiction to hear a claim is appealable only to the United States Court of Appeals for the Federal Circuit.").  In the case at bar, the Board's determination that plaintiff's claim was frivolous and that it lacked jurisdiction gives the Federal Circuit exclusive jurisdiction over plaintiff's constructive discharge claim.  Accordingly, the district court properly concluded that it lacked jurisdiction over the dismissal of Halevan's constructive discharge claim. *See Greater Detroit Resource Recovery Auth. v. EPA*, 916 F.2d 317, 319 (6th Cir.1990)  ( " '[E]very federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." ' ") (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

### E.  Pre-Trial Rulings by the District Court

Halevan appeals the district court's denial of his motion to compel production of the personnel files of persons who were selected for positions for which he applied.  The district court found that the personnel information for the individual selected for JOA 94-088-LK had been provided to the plaintiff.  Furthermore, the district court determined that

for discrimination. Accordingly, the district court found that the defendant failed to satisfy his ultimate burden of proving that his non-promotion to the 94-088-LK vacancy for the position of supervisory accountant was the result of age discrimination.

## II. ANALYSIS

### A. Standard of Review

Halevan appeals both the district court's bench trial decision and its order of summary judgment. In considering a district court's decision following a bench trial, this court reviews findings of fact under the clearly erroneous standard. *See* FED.R.CIV.P. 52(a); *American Postal Workers Union v. United States Postal Service*, 871 F.2d 556, 561 (6th Cir. 1989).  Conclusions of law, on the other hand, are reviewed *de novo.   See Affiliated FM Ins. Co. v. Owens-Corning Fiberglas Corp.*, 16 F.3d 684, 686 (6th Cir.1994).  We also review *de novo* the district court's grant of summary judgment. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997).  Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c).

### B.  First Administrative Complaint

The ADEA is expressly applicable to federal governmental employees, who are treated separately from private employees under the statute. *See* 29 U.S.C. § 633a.  The Supreme Court has concluded that Section 633a provides:

two alternative routes for pursuing a claim of age discrimination.  An individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies. *See* 29 U.S.C. § 633a(b) and (c).   A federal employee complaining of age discrimination, however, does not have to seek relief from his employing agency or the EEOC at all.  He can

decide to present the merits of the claim to a federal court in the first instance. *See* § 633a(d).

*Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6, 111 S.Ct. 1562, 1566, 114 L.Ed. 2d. 1 (1991). If the employee elects to pursue his administrative remedies, he "must initiate contact with a Counselor within 45 days of the effective date of the action." 29 C.F.R. § 1614.105 (a)(1) (2000).[3] In the case at bar, Halevan's initial contact with an Equal Employment Opportunity ("EEO") counselor was on June 6, 1994, when he alleged that his non-selection for JOA 94-088-LK was discriminatory. This claim was filed within the 45-day time limit. However, all of the other non-selections that Halevan referenced both in his 1994 EEO complaint and his complaint to the district court fall outside the 45-day time limit as they occurred from four months to one year prior to his June 6 meeting with the EEO Counselor.[4]

As noted above, a federal employee also has the option of bypassing the administrative process and filing an ADEA claim directly with the district court. *See* 29 U.S.C. § 633a(d). Indeed, in his complaint to the district court, Halevan alleges that beginning in March 1991, he applied for over forty vacancy announcements to fill GS-510-13 positions ("other non-selections"). However, 29 U.S.C. § 633a(d) provides:

> When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action.

---

[3]29 C.F.R. § 1614.105(a) provides that "[a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."

[4]*See* J.A. at 165 (dates of the non-selections).

file within thirty days[5] and that age discrimination claimants may have up to six years-- appears to be a reflection of the difference of judicial opinion . . . .); *compare Lubniewski*, 891 F.2d at 221 (holding six-year statute of limitations applies to ADEA actions involving federal employees) with *Edwards*, 64 F.3d 601, 604-06 (holding that Title VII's 30-day statute of limitations applies to ADEA actions involving federal employees). In short, the ambiguity does not amount to the type of affirmative misconduct which would justify the application of the equitable tolling doctrine. *See Baldwin County Welcome Ctr.* v. *Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26, 80 L.Ed.2d. 196 (1984) (equitable tolling is warranted where "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction").

Halevan further contends that his Title VII and ADEA claims should be equitably tolled on account of his attorney's withdrawal from the case. This claim is without merit. As noted above, Halevan received DFAS's final notice of decision dismissing his age and sex discrimination claims on April 17, 1997, which meant that he had until July 17, 1997 to file a civil action. Halevan's attorney did not withdraw from the case until December 18, 1997, several months *after* the filing deadline passed. Thus, the attorney's withdrawal provides no basis for the application of the equitable tolling doctrine to the age and sex discrimination claims contained in Halevan's second EEO charge.

### D.  Third Administrative Complaint

On November 27, 1997, the Merit Systems Protection Board ("MSPB" or the "Board") dismissed Halevan's third EEO complaint which alleged constructive discharge caused by harassment, disparate treatment, and reprisal. Importantly, the Board concluded that plaintiff had failed to advance a non-frivolous argument that his retirement was involuntary or

---

[5]The Civil Rights Act of 1991, 42 U.S.C. § 2000e-16(c), Publ. L. No. 102-166, §§ 114, 105 Stat. 1071, 1079, extended the Title VII limitations period from thirty days to ninety days.

discrimination in the workplace . . . ." *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). Indeed, the first two sections of 29 U.S.C. § 633a were "patterned after" similar sections in Title VII, which extended the protections of Title VII to federal employees. *Lehman v. Nakshian*, 453 U.S. 156, 163-64, 101 S.Ct. 2698, 2703, 69 L.Ed. 2d 548 (1981). Furthermore, the EEOC's current regulations enforcing provisions of the ADEA apply the same statute of limitations period to federal claims under Title VII. *See* 29 C.F.R. § 1614.407 (2000). This is significant because "[a]n agency's interpretation of an ambiguous provision within the statute it is authorized to implement is entitled to judicial deference." *Jones*, 32 F.3d at 1457-58. Accordingly, we hold that the analogous limitations period from Title VII, 42 U.S.C. § 2000e-16(c) is the appropriate period to apply to ADEA claims brought by federal employees who pursue their administrative remedies before going to court. Since Halevan failed to file suit on his ADEA claim within the 90-day time period prescribed by 42 U.S.C. § 2000e-16(c), the district court properly found that this claim is time-barred.

Halevan argues that the statute of limitations for the ADEA claim should be equitably tolled because he relied on two letters from EEO officers at DFAS that stated he may have six years within which to file an age discrimination suit, when in fact, he only had 90 days. The final notice of decision by DFAS on April 16, 1997 indicated that Halevan had 90 days in which to file a civil action. The Second Circuit addressed this precise issue in *Long v. Frank*, 22 F.3d 54 (2d Cir. 1994). In that case, the EEOC's final decision dismissing plaintiff's ADEA claim stated that: "If any of your claims were based on the Age Discrimination in Employment Act of 1967 . . . AS TO THOSE CLAIMS ONLY, you MAY have up to six years after the right of action first accrued in which to file a civil action." *Id.* The Second Circuit held that equitable tolling was not warranted because the "uncertainty reflected in the notice stems from the inconsistency in the case law between the circuits." *Id.*; *see also Lavery*, 918 F.2d at 1028 ("[t]he arguably contradictory language-- that claimant must

Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

The record is clear that the instant suit was filed at least four years after these other non-selections occurred, which is well outside of the 180-day window provided for by statute. Thus, the district court properly found that the only claim that was properly before the court was Halevan's non-selection for JOA 94-088-LK.

Halevan contends that the other non-selections are, nonetheless, properly before the court on the basis of their relationship to the one timely claim (his non-selection for JOA 94-088-LK). Specifically, Halevan cites the continuing violation theory which is an equitable exception to the time limits for filing an administrative complaint. The Sixth Circuit articulated the continuing violation theory in *Haithcock v. Frank*, stating that "discriminatory incidents which occur beyond the limitations period are actionable where a plaintiff . . . challenges not just one incident . . . but an unlawful practice that continues into the limitation period . . . ." 958 F.2d 671, 677 (6th Cir. 1992) (internal quotations omitted). The Court delineated two categories of continuing violations. The first category arises where there is some evidence of present discriminatory activity giving rise to a claim of continuing violation such as where an employer continues to presently imposes disparate work assignments or gives unequal pay for equal work. *Id.* The second category of continuing violation arises where there has occurred a long-standing and demonstrable policy of discrimination. This requires a showing by a preponderance of the evidence "that some form of intentional discrimination against the class of which plaintiff was a member was the company's 'standing operating procedure.'" *EEOC v. Penton Indus. Publ'g Co.*, 851 F.2d 835, 838 (6th Cir. 1988).

In the case at bar, Halevan has failed to show either present discriminatory activity giving rise to a claim of continuing violation or a longstanding and demonstrable policy of discrimination. Halevan's complaint does not allege

the circumstances of the non-selections, nor is there evidence of a discriminatory animus linking the various non-selections. *See Lightfoot v. Union Carbide Corp*., 110 F.3d 898, 907 (2d Cir.1997) (finding no continuing violation where employee presented no evidence of a connection between job reassignments and discriminatory animus). In addition, there is no evidence in the record to suggest that the defendant had a demonstrable policy of discrimination. Simply alleging discrete acts of non-selections is not sufficient to establish a continuing violation. *See Davis v. Ermco Mfg*, No. 99-5322, 2000 U.S. App. LEXIS 11455, at *10 (6th Cir, May 15, 2000) ("[plaintiff] complains of a series of discrete and separate acts that may constitute individual instances of disparate treatment but do not, even when considered together, evidence a policy or practice of racial discrimination . . . .") (unpublished). The record is devoid of any evidence which would support the application of the continuing violation theory. Accordingly, the district court correctly found that the continuing violation theory is not applicable.

## C. Second Administrative Complaint

On April 1, 1996, Halevan filed an EEO complaint with DFAS contesting his non-selection for the position of staff accountant, GS 510-13, JOA 96-046-EB, on the basis of age and sex discrimination. Halevan failed to appear at an EEOC hearing scheduled on March 5, 1997, and his case was remanded to DFAS for further administrative processing. On April 16, 1997, DFAS issued a final decision denying Halevan's complaint. This decision was delivered to Halevan on April 17, 1997. The district court found that Halevan failed to bring a timely civil action raising his ADEA and Title VII claims.

42 U.S.C. § 2000e-16(c) provides that

Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such   department, agency, or unit on a

complaint of discrimination based on race, color, religion, sex or national origin . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate shall be the defendant.

42 U.S.C. § 2000e-16(c). Since Halevan received notice of DFAS's final decision on April 17, 1997, he had 90 days, or until July 17, 1997, to raise the Title VII sex discrimination claim in a civil action. Instead, Halvean did not file suit until March 20, 1998, well outside the 90-day window provided for by statute. Thus, the district court properly found that Halevan's Title VII claim was time-barred.

As for Halevan's age discrimination claim, the ADEA contains no statute of limitations provision for a federal employee who pursues administrative remedies before going to court. Therefore, an appropriate limitations period must be adopted from an analogous federal or state provision. *See Stevens*, 500 U.S. at 7-8, 111 S.Ct. 1562, 1567, 114 L.Ed. 2d 1. There is a split among the circuits in determining which federal statute is "analogous" to the ADEA. The Ninth Circuit has found that the general six-year statute of limitations under 28 U.S.C. § 2401(a) applies. *See Lubniewski v. Lehman*, 891 F.2d 216, 221 (9th Cir. 1989). However, the vast majority of the circuits that have addressed this issue have concluded that Title VII is most analogous to the ADEA. *See Rawlett v. Runyon*, No. 94-1751, 1996 U.S. App. LEXIS 33361 at *2 (4th Cir. Dec. 23, 1996) (unpublished); *Edwards v. Shalala*, 64 F.3d 601, 604-06 (11th Cir. 1995); *Jones v. Runyon*, 32 F.3d 1454, 1455-56 (10th Cir. 1994); *Long v. Frank*, 22 F.3d 54, 57-58 (2d Cir. 1994); *Lavery v. Marsh*, 918 F.2d 1022, 1024-27 (1st Cir.1990). This is an issue of first impression for the Sixth Circuit.

Title VII is a natural source of borrowing a statute of limitations for age discrimination because "the ADEA and Title VII share a common purpose, the elimination of