**Beth A. BLANKERTS, Plaintiff,**

v.

**V. GLADIEUX ENTERPRISES, Defendant.**

No. 3:01 CV 7205.

United States District Court, N.D. Ohio, Western Division.

Feb. 12, 2002.

---

Harland M. Britz, Britz & Zemmelman, Toledo, OH, for Plaintiff.

Rolf H. Scheidel, Shumaker, Loop & Kendrick, Toledo, OH, for Defendant.

## ORDER

CARR, District Judge.

Plaintiff Beth A. Blankerts brings this action against defendant V. Gladieux Enterprises[1] claiming she was discriminated against on the basis of age and sex. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Pending is defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). For the following reasons, defendant's motion shall be granted in part and denied in part.

## BACKGROUND

Plaintiff is a 46 year old woman. Defendant hired plaintiff at age 45 to work as Director of Operations for its account with the University of Toledo. On February 18, 2000, defendant terminated plaintiff. Plaintiff was informed that the Director of Operations position was combined with the Catering Division for economic reasons. Defendant decided that Chris Burke, the Director of Catering, would become the director of the combined position.

Plaintiff alleges the termination was on the basis of age and sex. On March 2, 2000, plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission for discrimination. Plaintiff received a notice of right to sue from the United States Equal Opportunity Commission on March 19, 2001.

## STANDARD OF REVIEW

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting FED.R.CIV.P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

In deciding the motion for summary judgment, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Summary judgment shall be rendered only if the pleadings, depositions,

---

**1.** The complaint states defendant's name as "V. Gladieux Enterprises;" defendant refers to itself as "V/Gladieux Enterprises, Inc."

answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

## DISCUSSION

Plaintiff claims that defendant violated the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the age and sex discrimination prohibitions in R.C. § 4211.99.[2]

Twenty-nine U.S.C. § 623 provides that an employer may not discriminate under the ADEA on the basis of age:

(a) Employer practices. It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this Act.

Title VII provides, "It shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex."

A plaintiff may prove age and sex discrimination through direct or indirect evidence. Plaintiff does not attempt to demonstrate direct evidence of discrimination in this case. This case will, thus, be examined under the three-part, indirect evidence framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ A plaintiff's prima facie case under Title VII, the ADEA, and R.C. § 4112 essentially are the same.[3] To establish a prima facie case of age discrimination, a plaintiff must prove: "(1) [plaintiff] was at least 40 years old at the time of the alleged discrimination; (2) [plaintiff] was subjected to an adverse employment action; (3) [plaintiff] was otherwise qualified for the position; and (4) after [plaintiff] was [terminated], a substantially younger applicant was selected." *Burzynski v. Cohen*, 264 F.3d 611, 622 (6th Cir.2001) (citing *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir.1998)).

■ To demonstrate a prima facie case of sex discrimination, the plaintiff must prove: "(1) membership in the protected class; (2) that she suffered an adverse action; (3) that she was qualified for the position; and (4) that she was replaced by someone outside the protected class or was treated differently from similarly situated members of the unprotected class." *War-*

---

**2.** Because § 4211.99 does not exist in the Ohio Revised Code, I will assume that plaintiff intended to refer to § 4112.99, the section providing civil remedies for age and sex discrimination.

**3.** "Ohio courts utilize the same *McDonnell Douglas* analysis ... when analyzing discrimination claims brought under the Ohio Civil Rights Act, Ohio Rev.Code Ann. § 4112." *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 668 (6th Cir.1999) (citing *Ohio Civil Rights Comm'n v. Ingram*, 69 Ohio St.3d 89, 630 N.E.2d 669 (1994); *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192, 421 N.E.2d 128 (1981)).

*field v. Lebanon Corr. Inst.*, 181 F.3d 723, 728–29 (6th Cir.1999).

Once the plaintiff demonstrates a prima facie case of age or sex discrimination, the defendant must put forth a legitimate nondiscriminatory reason for its action. *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 599 (6th Cir.2001) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The defendant's burden only is one of production, not persuasion. *Id.* (citing *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089). The ultimate burden of persuasion remains with the plaintiff *Id.* (citing *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089). After the defendant produces a legitimate nondiscriminatory reason, the plaintiff must prove the defendant's reason is a pretext for discrimination. *Id.* (citing *Burdine*, 450 U.S. at 255, 101 S.Ct. 1089).

Defendant argues that plaintiff cannot establish her prima facie case for her age or sex discrimination claims because plaintiff cannot prove the fourth element of her prima facie case.[4] Defendant further argues that, even if plaintiff can meet her prima facie case, plaintiff cannot prove defendant's legitimate nondiscriminatory reason is a pretext for age or sex discrimination.

### I. Plaintiff's Prima Facie Case

Plaintiff claims that defendant discriminated against her on the basis of age and sex when defendant terminated her.

Defendant argues that plaintiff cannot meet the fourth element of her prima facie case of discrimination: that plaintiff was replaced by someone from the unprotected class or was treated differently from similarly situated members of the unprotected class. Defendant contends that it engaged in a reduction in workforce, which places a higher burden of proof on plaintiff under the fourth element of her prima facie case. Defendant argues that plaintiff cannot meet this higher burden of proof.

When a defendant engages in a workforce reduction, courts modify the fourth element of a plaintiff's prima facie case. *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir.1993).

> By showing the other elements of a *McDonnell Douglas* case, a plaintiff has not presented any evidence indicating that the work force reductions are not the reasons for the discharge and therefore does not make out a prima facie case absent *additional* direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.

*Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990) (citing *LaGrant v. Gulf & W. Mfg. Co.*, 748 F.2d 1087, 1090 (6th Cir.1984)) (emphasis added).

Plaintiff states, "Management decided to eliminate a position[,]" and plaintiff is not contesting "management's prerogative to reorganize." (Doc. 27 at 6 & 2). Plaintiff's brief never denies that she was subjected to a reduction in the workforce. Plaintiff, thus, does not challenge defendant's claim that it engaged in a workforce reduction.[5] Because plaintiff does not dis-

---

**4.** Defendant only disputes plaintiff's ability to prove the fourth element of her prima facie case, not the initial three elements.

**5.** Even if plaintiff argued that defendant engaged in replacement of plaintiff instead of workforce reduction, I would find a workforce reduction occurred because another employee assumed plaintiff's duties in addition to his own. (Pl.'s Dep. at 105–07); *see Barnes v. GenCorp. Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990) ("'[A] person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work.'").

pute that defendant engaged in reorganization and a workforce reduction, plaintiff must present additional evidence that defendant impermissibly singled her out for discharge.

## A. Age Discrimination

█ In support of her age discrimination claim, plaintiff's brief simply states, "At the time of the firing decision, Plaintiff was a 45 year old female; Burke was a 35 year old male." (Doc. 27 at 6). Plaintiff provides no additional direct, circumstantial, or statistical evidence of age discrimination other than her age and Burke's age at the time of her termination. This evidence, standing alone, does not meet plaintiff's heightened prima facie case burden in a workforce reduction case. Plaintiff cannot prove her prima facie case of age discrimination.

Defendant's motion for summary judgment on plaintiff's age discrimination claim shall be, therefore, granted.

## B. Sex Discrimination

█ In support of her sex discrimination claim, plaintiff alleges: 1) plaintiff applied for the Director of Operations position after seeing an advertisement requiring a bachelor's degree and registered dietician credential; 2) Plaintiff had both requirements, and Burke had neither requirement; 3) plaintiff's services were satisfactory during her employment; 4) Burke is a male; 5) the male employees were given different privileges from the women employees; 6) Burke was given a company car; 7) plaintiff was not given a company car and was denied mileage reimbursement; 8) when another male employee took plaintiff's designated parking space many times and, when plaintiff complained, nothing was done; 9) a male employee ordered from a different vendor and plaintiff was not allowed to order from that vendor; 10) defendant saved $8,000 in terminating plaintiff but could have saved more if defendant had in-

structed all employees to order from contracted vendors; 11) male managers were not reprimanded when plaintiff had problems with their work; 12) when plaintiff discovered payroll fraud and reported it, the male supervisors laughed at her and did nothing; 13) men looked her up and down and giggled at her; 14) when a woman left the restaurant manager position, a male was hired and paid $10,000 more per year for the same position; 15) defendant gave Burke and another male employee a raise after terminating plaintiff despite the fact that defendant terminated plaintiff to cut costs; 16) plaintiff was not considered for the Director of Operations position during summer of 2001; and 17) even though defendant contends it retained Burke because of his catering experience, Burke did not devote his time exclusively to catering following plaintiff's termination.

This evidence suffices as additional circumstantial evidence of sex discrimination. This evidence could meet plaintiff's heightened prima facie case burden in a workforce reduction case. Construing the evidence in the light most favorable to plaintiff, a genuine issue of material fact remains as to whether plaintiff can prove her prima facie case of sex discrimination.

## II. Pretext

Defendant claims that a reduction in its workforce is its legitimate nondiscriminatory reason. Defendant argues that plaintiff cannot prove the legitimate nondiscriminatory reason is a pretext for discrimination.

### A. Same Actor Inference

Defendant contends that it is entitled to use the same actor inference, which permits the presumption of nondiscrimination when the same person both hires and fires a plaintiff. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) ("An individual who is willing to hire

and promote a person of a certain class is unlikely to fire them simply because they are a member of that class.").

Defendant contends that Timothy Gladieux both hired and fired plaintiff. Plaintiff asserts that Greg Hopkins hired her, and Michael Kurey fired her. Both defendant and plaintiff rely on affidavits. Based on a review of the parties' affidavits, a genuine issue of material fact remains as to whether the same person made both the hiring and firing decision.

Defendant contends that I must disregard the affidavit supplied by plaintiff because the affiant, Greg Hopkins, does not attest to personal knowledge of the facts discussed in his affidavit. Personal knowledge, however, can be inferred from the contents of an affidavit. *Jacobs v. Wilkinson*, 1998 WL 393789, at *1, 156 F.3d 1230 (6th Cir.1998) ("Whether an affidavit meets the requirements of personal knowledge and competence can be inferred from its contents.") (citing *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir.1990)). The fact that plaintiff's affiant, Hopkins, does not state the words "personal knowledge" in his affidavit is, therefore, not determinative.

Defendant's affidavit, however, does not demonstrate that the affiant, Timothy Gladieux, made an independent decision to both hire and fire plaintiff. From the affidavit, one could deduce that Gladieux made both decisions independently just as easily as one could deduce that Gladieux made the decisions in conjunction with others.

Neither affidavit is telling under the circumstances. Put simply, the affidavits contradict each other and I cannot and should not, determine which affidavit is credible; such a determination is for the trier of fact. Because of the contradiction, it is unclear whether the same person hired and fired plaintiff, and the same actor inference cannot be applied.

## B. Plaintiff's Proof of Pretext

■ A plaintiff establishes pretext by showing the defendant's legitimate nondiscriminatory reason: 1) had no basis in fact; 2) did not actually motivate the defendant's actions; or 3) was insufficient to warrant the defendant's actions. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994).

The first method of establishing pretext requires the plaintiff to show the facts necessary for the defendant's legitimate nondiscriminatory reason never occurred or were false. *Id.*

The second method of proving pretext requires the plaintiff to establish that the weight of the circumstantial evidence makes it more likely than not that the defendant's legitimate nondiscriminatory reason is a pretext. *Id.* ("In such cases, the plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant."). A plaintiff must present additional evidence of discrimination. "If the plaintiff does not come forward with additional evidence, 'the plaintiff has failed to prove pretext and judgment for the defendant is warranted.'" *Noble v. Brinker Int'l, Inc.*, 175 F.Supp.2d 1027, 1040 (S.D.Ohio 2001) (citing *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 346–47 (6th Cir.1997)).

The third method of establishing pretext requires the plaintiff to show that other employees, such as employees not in the protected class, did not suffer adverse employment action for the same conduct the plaintiff engaged in. *Manzer*, 29 F.3d at 1084.

To meet any pretext theory, "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Id.* at 1083. If

the plaintiff shows the defendant's legitimate nondiscriminatory reason is a pretext for discrimination, the jury may infer discrimination. *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir.2000) (citation omitted). The plaintiff retains the ultimate burden of proof at all times. *Id.* (citation omitted).

Plaintiff contends that *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), held that a prima facie case and a plaintiff's evidence of pretext may permit a jury to find discrimination. Plaintiff argues that *Reeves* precludes a grant of summary judgment in this case, and I may not consider defendant's self-serving evidence. Defendant contends that *Reeves* does not insulate plaintiffs from summary judgment.

The Supreme Court, in *Reeves*, held, "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148, 120 S.Ct. 2097. The Court also was careful to avoid fully insulating employment discrimination cases from summary judgment. *Id.* at 148–49, 120 S.Ct. 2097. The Court stated,

> For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

*Id.* at 148, 120 S.Ct. 2097 (citation omitted).

A plaintiff is not entitled to survive a motion for summary judgment, therefore, simply because the plaintiff presents evidence of pretext. The plaintiff must present sufficient evidence of pretext so that the plaintiff creates more than a weak issue of fact as to whether the defendant's legitimate nondiscriminatory reason is false, and there must be no independent, uncontroverted evidence demonstrating a lack of discrimination.

Defendant contends that plaintiff cannot prove the workforce reduction was a pretext for sex discrimination. Plaintiff attempts to establish pretext through the second method of proving pretext—by showing defendant's legitimate nondiscriminatory reason did not actually motivate the defendant's action.

■ As stated, plaintiff has presented additional circumstantial evidence from her prima facie case that she was replaced by someone outside the protected class: 1) plaintiff applied for the Director of Operations position after seeing an advertisement requiring a bachelor's degree and registered dietician credential; 2) Plaintiff had both requirements, and Burke had neither requirement; 3) plaintiff's services were satisfactory during her employment; 4) male employees were given different privileges from the women employees; 5) Burke was given a company car; 6) plaintiff was not given a company car and was denied mileage reimbursement; 7) when another male employee took plaintiff's designated parking space many times, and when plaintiff complained, nothing was done; 8) a male employee ordered from a different vendor and plaintiff was not allowed to order from that vendor; 9) defendant saved $8,000 in terminating plaintiff but could have saved more if defendant had instructed all employees to order from contracted vendors; 10) male managers were not reprimanded when plaintiff had problems with their work; 11) when plaintiff discovered payroll fraud and reported it, the male supervisors laughed at her and did nothing; 12) men looked her up and

down and giggled at her; 13) when a woman left her restaurant manager position, a male was hired and paid $10,000 more per year for the same position; 14) defendant gave Burke and another male employee a raise after terminating plaintiff despite the fact that defendant terminated plaintiff to cut costs; 15) plaintiff was not considered for the Director of Operations position during summer of 2001; and 16) even though defendant contends it retained Burke because of his catering experience, Burke did not devote his time exclusively to catering following plaintiff's termination.

Plaintiff has presented sufficient evidence of pretext so that plaintiff has created more than a weak issue of fact as to whether the defendant's legitimate nondiscriminatory reason of workforce reduction is false. There is, furthermore, no independent, uncontroverted evidence demonstrating a lack of discrimination. The record does not conclusively reveal another nondiscriminatory reason for defendant's decision. Based on plaintiff's prima facie case of sex discrimination, combined with sufficient evidence of pretext, the trier of fact could conclude that the employer unlawfully discriminated against plaintiff because of sex.

Defendant's motion for summary judgment on plaintiff's sex discrimination claim shall be, therefore, denied.

### CONCLUSION

It is, therefore,

**ORDERED THAT**

1. Defendant's motion for summary judgment be, and hereby is, granted as to plaintiff's age discrimination claim;

2. Defendant's motion for summary judgment be, and hereby is, denied

as to plaintiff's sex discrimination claim.

**So ordered.**