**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0568n.06

**08-3116**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|                                               |     |                            |
| --------------------------------------------- | --- | -------------------------- |
| EDWARD E. SPERBER,                            | )   |                            |
|                                               | )   |                            |
| Plaintiff-Appellant,                          | )   |                            |
|                                               | )   |                            |
| v.                                            | )   | ON APPEAL FROM THE         |
|                                               | )   | UNITED STATES DISTRICT     |
| R. JAMES NICHOLSON, Secretary,                | )   | COURT FOR THE SOUTHERN     |
| Department of Veteran Affairs,                | )   | DISTRICT OF OHIO           |
|                                               | )   |                            |
| Defendant-Appellee.                           | )   |                            |
|                                               | )   |                            |

**FILED**
**Aug 14, 2009**
LEONARD GREEN, Clerk

Before: GILMAN, COOK, and FARRIS[*], Circuit Judges.

FARRIS, Circuit Judge.

We reject Sperber's argument that the district court applied an incorrect legal standard in granting summary judgment on his ADEA claim. We have held that a plaintiff can show a prima facie case of age discrimination by showing by a preponderance of the evidence "that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he

---

[*] The Hon. Jerome Farris, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

was otherwise qualified for the position; and (4) after he was rejected, a substantially younger applicant was selected." *Burzynski v. Cohen*, 264 F.3d 611, 622 (6th Cir. 2001) (citing *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir. 1998)). Alternatively, the fourth element may be satisfied "by showing that similarly situated non-protected employees were treated more favorably." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 511 (6th Cir. 2004) (citing *Talley v. Bravo Pitino Rest.*, 61 F.3d 1241, 1246 (6th Cir. 1995)). The district court's recitation of the alternative way to meet the fourth element tracked the *Coomer* language to the letter. Sperber failed to satisfy this alternative. He failed to offer evidence that similarly situated non-protected individuals were treated differently. The similarly situated employees that he proffered were older than 40 at the time of their respective demotions and were therefore members of the protected class.

Moreover, the record contains insufficient evidence to support Sperber's claim that employees who were "substantially younger" but over age 40 received job placement that was more favorable than Sperber's relocation. True, Sperber identifies three doctors who are allegedly substantially younger than he is and who were also purportedly demoted without being forced to relocate: Chris Barde, Berta Bauman, and Steven Cohen. But Sperber fails to proffer any evidence explaining precisely

2

how old they were when they were allegedly demoted, whether they in fact were demoted, or whether they were allowed to remain in Dayton, Ohio. The record contains no declaration or affidavit from these doctors, or similar probative evidence, establishing those basic facts. Sperber's prima facie case thus relies on his own self-serving innuendo and speculation, which does not suffice to survive summary judgment. It was not error to grant summary judgment to the defendant.

Since summary judgment was properly granted on Sperber's ADEA claim, his WPA claim cannot be restored. He failed to file an internal agency whistleblowing claim prior to initiating litigation.

**AFFIRMED.**