# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3731

_____

Julie Tiedeman,      *
     *
         Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the District
     *    of Nebraska.
State of Nebraska Department      *
of Corrections,      *        [UNPUBLISHED]
     *
         Appellee.      *

_____

Submitted: June 22, 2005
Filed: July 20, 2005

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Julie Tiedeman appeals from the summary judgment that the district court[1] entered in favor of the state of Nebraska in her employment discrimination case. We affirm.

_____

[1]The Honorable William Jay Riley, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Ms. Tiedeman, who was employed at a corrections center in Lincoln, Nebraska, claimed that the Nebraska Department of Corrections violated the Equal Pay Act, 29 U.S.C. § 206(d), when she was acting as a business manager because it paid her less than John Williams, a man who was a business manager at another prison. (The Act provides, essentially, that employers must give employees equal pay for equal work without regard to their sex. *See id.*) But the district court held, and we agree, that Ms. Tiedeman's proof failed on an essential element of her case, namely, whether her job as acting business manager entailed substantially the same work that Mr. Williams was performing. The only proof that Ms. Tiedeman offered were her own conclusory allegations; she provided no details about the relevant jobs and failed to indicate any basis for knowing what Mr. Williams's responsibilities were. The mere fact that she had the same job title as Mr. Williams is insufficient to carry the day on the question of whether they were engaged in equal work. *Tenkku v. Normandy Bank*, 348 F.3d 737, 741 (8th Cir. 2003). We detect no error here.

Ms. Tiedeman's similar Title VII claim under 42 U.S.C. § 2000e-2(a)(1), alleging that she was discriminated against in her pay rate, which is based on the same facts as her Equal Pay Act claim, must fail for essentially the same reason. Ms. Tiedeman did not make out a prima facie case because she produced no evidence that she was paid less than a similarly-situated man. *See LaCroix v. Sears, Roebuck, & Co.*, 240 F.3d 688, 693 (8th Cir. 2001).

Ms. Tiedeman also complained that she was not promoted to a unit caseworker position because of her sex. Assuming that she has made out a prima facie case of sex discrimination, we discern nothing in the record to support a finding that the reason that the State of Nebraska gave for rejecting her application was pretextual, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973): The state hired the person with the highest score on a relevant test, and Ms. Tiedeman's score was third highest. Ms. Tiedeman's arguments that there is evidence tending to show that the employer's reliance on this test was a pretext for sex discrimination are

unpersuasive, and Ms. Tiedeman's failure-to-promote claim was therefore properly dismissed.

We turn finally to the claim that Ms. Tiedeman was denied her promotion in retaliation for having complained about her pay rate. Both the Equal Pay Act and Title VII prohibit retaliation for engaging in protected activity, and Ms. Tiedeman asserts that she was not promoted because she filed a grievance regarding her pay and complained to a supervisor about it. But we have examined the record carefully and conclude that her grievance and complaint were not based on sex discrimination; rather, in both instances she complained that her union contract was not being honored. Thus neither of these activities is protected because it does not involve a practice "made an unlawful employment practice" under Title VII, *see* 42 U.S.C. § 2000e-3(a), or a "proceeding under or related to" the Fair Labor Standards Act (of which the Equal Pay Act is a part), *see* 29 U.S.C. § 215(a)(3). The district court therefore acted correctly in dismissing this claim.

For the reasons indicated, we affirm the judgment of the district court.[2]

_____

_____

[2]The district court (The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska) also dismissed, under 28 U.S.C. § 1367(c)(4), a pendent state claim brought under Neb. Rev. Stat. § 48-1111. Because all of the federal claims have now been disposed of, dismissal of the state claim is clearly correct under 28 U.S.C. § 1367(c)(3).