OPINION
{¶ 1} This is an appeal by plaintiff-appellant, George Motley, from a judgment of the Ohio Court of Claims granting summary judgment in favor of defendant-appellee, Ohio Civil Rights Commission ("OCRC").
 {¶ 2} On November 20, 2007, appellant filed a complaint against OCRC in the Court of Claims, alleging causes of action for age discrimination, breach of contract, and unlawful discriminatory practices under R.C. 4112.02(I). According to the complaint, *Page 2 
appellant was employed by OCRC as a civil rights investigator from June 1985 until his discharge November 1, 2002.
 {¶ 3} Appellant's first cause of action alleged that his termination by OCRC in 2002 was retaliatory. Specifically, appellant alleged that OCRC had reinstated him in 2000 following a successful union grievance of an earlier termination, and that, following the reinstatement, OCRC gave him a work performance plan "he could not reasonably be expected to follow." Appellant alleged that his termination in 2002 for failure to accomplish the work performance plan was in retaliation for his successful grievance. Appellant's second cause of action alleged that OCRC discriminated against him following his reinstatement in 2000 "when he did not receive a promotion and a less qualified investigator received the promotion." Appellant's third cause of action alleged that he was 55 years of age at the time of his termination on November 1, 2002, and that the termination "was a form of age discrimination, in that a person under 44 was given his job."
 {¶ 4} On July 23, 2007, OCRC filed a motion for summary judgment. In the accompanying memorandum, OCRC argued that appellant could not establish a prima facie case of retaliation under R.C. 4112.02(I) because his action in filing a union grievance regarding his first termination did not constitute protected activity within the meaning of the statute. OCRC further argued that appellant's age discrimination claim was time-barred, and that the Court of Claims lacked jurisdiction over appellant's claim that OCRC breached a collective bargaining agreement. In support of the motion, OCRC filed the deposition testimony of appellant. On August 16, 2007, appellant filed a response to OCRC's motion for summary judgment. *Page 3 
 {¶ 5} On October 12, 2007, the Court of Claims issued a decision granting OCRC's motion for summary judgment. The court's decision was journalized by judgment entry filed on the same date.
 {¶ 6} On appeal, appellant sets forth the following single assignment of error for this court's review:
 The Trial Court erred in granting Defendant's Motion for Summary Judgment.
 {¶ 7} At the outset, we note that, while the Court of Claims granted summary judgment in favor of OCRC as to all of appellant's claims, i.e., unlawful discriminatory practices, breach of contract, and age discrimination, appellant's sole contention on appeal is that the Court of Claims erred in granting summary judgment as to his claim of unlawful discriminatory practices under R.C. 4112.02. Appellant argues that the Court of Claims, in addressing the retaliation claim, erred in considering only the length of time between the filing of his grievance in May of 1999, and his subsequent termination November 1, 2002. Appellant maintains that a genuine issue of material fact remains as to whether he was terminated because of pursuing the grievance.
 {¶ 8} In Kent v. The Huntington Natl. Bank (2001),145 Ohio App.3d 745, 747, this court noted the standard of review from a trial court's summary judgment decision as follows:
 An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) *Page 4 
reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ. R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 1997
Ohio 221, 677 N.E.2d 343.
 {¶ 9} Pertinent to the instant action, R.C. 4112.02(I) provides that it shall be an unlawful discriminatory practice:
 For any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.
 {¶ 10} Thus, R.C. 4112.02(I) prohibits discrimination under the following two situations: "(1) where an employee has opposed any unlawful discriminatory practice, the `opposition clause'; and (2) where an employee has made a charge, testified, assisted or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code, the `participation clause.' "Coch v. Gem Indus., Inc., Lucas App. No. L-04-1357, 2005-Ohio-3045, at ¶ 29. Further, " `[i]n order to engage in a protected opposition activity * * * a plaintiff must make an overt stand against suspected illegal discriminatory action.' " Id., at ¶ 32, quoting Comiskey v.Automotive Industry Action Group (E.D.Mich. 1999), 40 F.Supp.2d 877,898.
 {¶ 11} In order to establish a prima facie case of retaliation, pursuant to R.C. 4112.02(I), a plaintiff is required to prove: "(1) plaintiff engaged in a protected activity; (2) the employer knew of plaintiff's participation in the protected activity; (3) the employer engaged in retaliatory conduct; and (4) a causal link exists between the protected activity and the adverse action." Zacchaeus v. Mt. CarmelHealth Sys. (Feb. 5, 2002), Franklin *Page 5 
App. No. 01AP-683, citing Carney v. Cleveland Hts.-Univ. Hts. CitySchool Dist. (2001), 143 Ohio App.3d 415, 428. If the evidence indicates that an employer "would have made the same employment decision regardless of the employee's participation in the protected activity, the employee cannot prevail." Pulver v. Rookwood Highland TowerInvestments (Mar. 26, 1997), Hamilton App. No. C-950361.
 {¶ 12} In the present case, appellant contends the Court of Claims erred in its interpretation of the fourth element of the prima facie case, i.e., the existence of a causal link between the protected activity and the adverse action. We note, however, that the Court of Claims found that appellant failed to satisfy not only the fourth element of his prima facie case but, also, the first element, i.e., that appellant engaged in a protected activity.
 {¶ 13} In addressing the first element of the prima facie case, the Court of Claims noted that appellant's grievance concerning his 1999 termination alleged that OCRC had violated Sections 24.01 and 24.04 of the union contract. Section 24.01 of the union contract, pertaining to disciplinary matters, precluded disciplinary action upon an employee "except for just cause," while Section 24.04 outlined pre-disciplinary procedures to be followed prior to the imposition of a suspension, fine or termination. The Court of Claims noted that appellant did not allege in his grievance that OCRC had terminated his employment based upon allegations of race, color, religion, sex or national origin. Thus, the Court of Claims held there was no evidence appellant had engaged in a protected activity with respect to his grievance procedure.
 {¶ 14} The Ohio Supreme Court has held that "federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e),et seq., Title 42, U.S. Code, is *Page 6 
generally applicable to cases involving alleged violations of R.C. Chapter 4112." Little Forest Medical Ctr. of Akron v. Ohio Civ. RightsComm. (1991), 61 Ohio St.3d 607, 609-610.
 {¶ 15} Federal courts have concluded that the filing of a union grievance that does not raise Title VII issues (e.g., discrimination) does not constitute "protected activity." See Gonzalez v. New York CityTransit Auth. (S.D.N.Y. 2001), No. 00 Civ. 4293 ("A union grievance hearing about overtime pay, unrelated to discrimination, is simply not a Title VII `protected activity' that could give rise to a cognizable Title VII retaliation claim"); Tiedeman v. Nebraska Dept. of Corr
(C.A.8, 2005), 144 Fed.Appx. 565, 566 (complaint by plaintiff that her union contract was not being honored did not implicate protected activity "because it does not involve a practice `made an unlawful employment practice' under Title VII"); Moore v. United Parcel Service,Inc. (C.A.5, 2005), 150 Fed.Appx. 315, 319 (plaintiff's filing of grievance for his disqualification as a driver did not involve engaging in protected activity, "as his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII"); Castro v. New York City Bd. of Edn. Personnel (S.D.N.Y. 1998), No. 96 Civ. 6314 (where none of plaintiff's union grievances included charges of discrimination, "the lodging of these grievances does not constitute a `protected activity' within the meaning of the discrimination laws and, therefore, does not give rise to a claim of retaliation"); Saviano v. Town of Westport (W.D.Conn. 2007), No. 3:04-CV-522 ("A plaintiff does not engage in protected activity when he files a union grievance that does not specifically allege discrimination"); Jones v. United Parcel Service, Inc. (2006), 411 *Page 7 
1259 ("when a grievance of other activity does not allege discrimination, it does not constitute either protected activity or protected opposition").
 {¶ 16} In the present case, we agree with the Court of Claims' determination that appellant failed to satisfy the first element for a retaliation claim because the mere assertion of a union grievance, not based upon opposition to discrimination, does not constitute protected activity. Accordingly, having failed to satisfy this element of a prima facie case of retaliation, appellant's claim fails as a matter of law.
 {¶ 17} However, even assuming appellant could demonstrate that he engaged in protected activity, he would still be required to show a "causal connection" between his discharge and the protected activity. In order to establish a causal connection, a plaintiff must produce "sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discriminatory action." Gibson v. The Shelly Company (E.D.Ohio 2006), No. 2:05-CV-888. Further, "[a] causal connection may be shown by direct evidence or by evidence of the employer's knowledge of the complaints coupled with a closeness in time sufficient to create an inference of causation." Id. See, also, Baker v. The Buschman Co. (1998),127 Ohio App.3d 561, 568 ("In establishing whether there is a causal connection between the protected activity and the adverse employment action, courts have looked at the amount of time between the two events"). However, in the absence of other compelling evidence, "temporal proximity alone does not support a claim of retaliation[.]" Boggs v. The Scotts Co., Franklin App. No. 04AP-425, 2005-Ohio-1264, at ¶ 26.
 {¶ 18} In the instant case, appellant filed his grievance in May of 1999, and was terminated effective November 1, 2002. The Court of Claims held that the length of time *Page 8 
between the purported protected activity and the adverse action was too long to infer temporal proximity and a retaliatory motive. We agree.
 {¶ 19} Courts have found time periods much shorter than the one involved in the instant case insufficient evidence of a causal connection. See Balletti v. Sun-Sentinel Co. (S.D.Fla. 1995),909 F.Supp. 1539, 1549 (six-month period between voicing concerns of sexual harassment and discharge "not temporally close enough to support an inference of causal connection"); Baker, supra, at 568 (retaliation claim based upon race discrimination claim and adverse employment actions occurring more than one year later insufficient to show causal connection between protected activity and adverse employment action);Reeves v. Digital Equip. Corp. (N.D.Ohio 1989), 710 F.Supp. 675, 677 (no causal connection where three months elapsed between protected activity and adverse action); Cooper v. City of North Olmsted (C.A.6, 1986), 795 F.2d 1265, 1272-1273 (mere fact plaintiff was discharged four months after filing discrimination charge insufficient to support an inference of retaliation); Brown v. ASD Computing Ctr (W.D.Ohio 1981),519 F.Supp. 1096, 1117 (plaintiff's discharge approximately three months after consulting with E.E.O. Office not "so connected in time as to create an inference of retaliation, [and, thus,] the evidence fails to establish a prima facie case of retaliation").
 {¶ 20} Here, in the absence of any direct proof of retaliatory intent, and, given the significant lapse of time between the purported protected activity and the adverse employment activity, appellant has failed to establish the necessary causal connection to support the fourth element of his prima facie case. Thus, even assuming appellant had *Page 9 
been engaged in protected activity, the Court of Claims still properly granted summary judgment in favor of OCRC on appellant's retaliation claim.
 {¶ 21} Finally, as previously noted, appellant's appeal raises only the issue of whether the Court of Claims erred in granting summary judgment in favor of OCRC as to the claim under R.C. 4112.02. Even though we need not address the remaining claims, we nevertheless conclude, based upon our de novo review, that the Court of Claims did not err in granting summary judgment as to those claims.
 {¶ 22} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Ohio Court of Claims is hereby affirmed.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1