[Cite as *Lajoye v. Ohio Hwy. Patrol*, 2009-Ohio-7028.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PHILLIP J. LAJOYE

    Plaintiff

    v.

OHIO HIGHWAY PATROL

    Defendant
    Case No. 2008-03173

Judge Joseph T. Clark

DECISION

{¶ 1} On October 16, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On November 12, 2009, plaintiff filed a response. The case is now before the court for a non-oral hearing on the motion. See Civ.R. 56 and L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** In 1987, plaintiff began his employment with defendant as a cadet dispatcher. In 1989, plaintiff graduated from the State Highway Patrol Academy and worked as a trooper at various patrol posts in Ohio. During his employment, plaintiff was a union steward for his collective bargaining unit, the Ohio State Troopers Association. On March 13, 2008, plaintiff's employment was terminated.[1] Plaintiff filed a grievance regarding his termination, but on November 11, 2008, an arbitrator found that plaintiff's employer had just cause to remove him. Plaintiff asserts that since 2003, he has been subjected to unfair discipline. Plaintiff asserts claims of employment discrimination based upon his age and gender, hostile work environment, retaliation, and a whistleblower claim.

**{¶ 5}** In its motion, defendant asserts that any cause of action based upon conduct that occurred prior to March 13, 2006, cannot be considered by the court due to the two-year statute of limitations set forth under R.C. 2743.16(A). In addition, defendant asserts that plaintiff cannot prove a prima facie case of age discrimination, gender discrimination, or hostile work environment.

**STATUTE OF LIMITATIONS**

**{¶ 6}** R.C. 2743.16(A) states: "Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code

---

[1]Plaintiff also filed his complaint on March 13, 2008.

shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 7} The two-year statute of limitations found in R.C. 2743.16 applies to claims brought against the state that seek monetary damages for discrimination. *McFadden v. Cleveland State University*, Franklin App. No. 06AP-638, 2007-Ohio-298, ¶10. For discrimination claims under R.C. Chapter 4112.02 and R.C. 4112.99 the statute of limitations begins to run when the plaintiff is "unequivocally informed" of the alleged adverse action underlying the complaint. *Kozma v. AEP Energy Services*, Franklin App. No. 04AP-643, 2005-Ohio-1157, ¶38.

{¶ 8} In response to defendant's motion, plaintiff submitted his affidavit. Therein, plaintiff states that, in September 2003, his employment was terminated for his conduct of allegedly speeding with lights and siren when there was no emergency. Plaintiff filed a grievance with respect to his termination and was reinstated through arbitration. Plaintiff also states that: in 2004, he lost a 35 mm camera and was unfairly suspended for that conduct; in 2005, he was issued a verbal warning for hitting road debris with his patrol car; in 2005, his employment was terminated as a result of an incident that involved the use of a taser; and he was eventually reinstated but was required to sign a "last chance agreement" in January 2006. Plaintiff does not dispute the dates on which these instances occurred. Plaintiff filed his complaint on March 13, 2008. Construing the evidence most strongly in plaintiff's favor, reasonable minds can come to but one conclusion that being that the foregoing instances occurred prior to March 13, 2006, and therefore, any cause of action arising from those instances cannot

be considered by the court pursuant to R.C. 2743.16(A).  Accordingly, plaintiff's claims must be limited to claims that accrued on or after March 13, 2006.

{¶ 9}   In April 2006, plaintiff's employment was terminated on the basis that he had violated a last chance agreement when he failed to attend a training class.  After he filed his grievance, he was reinstated.  In the fall of 2006, plaintiff wrote a letter that was printed in the local union newspaper wherein he praised the work of the union regarding his reinstatement.  According to plaintiff's affidavit, approximately two days after the letter was published, his superiors told him that he "had not learned his lesson yet" and that he would be subject to retaliation for the letter.

{¶ 10} Plaintiff's final termination, on March 13, 2008, was a result of an incident that occurred on May 30, 2007.  Plaintiff asserts that he was denied sick time on that day and was forced to report to work despite being ill; that during his lunch break, he drove his patrol car to his house so that he could lie down in bed; that he noted on his patrol car's mobile computer terminal that he was on "stationary patrol" during that time; and that he was unjustly terminated for that conduct.  Plaintiff asserts that he was terminated without just cause, and that female and/or younger employees who engaged in similar conduct were either not disciplined or were not disciplined as harshly as he was.  Plaintiff also asserts that his role as a union steward was a factor in his termination.

## AGE DISCRIMINATION

{¶ 11} Former R.C. 4112.02 states, in part:  "It shall be an unlawful discriminatory practice:  (A) For any employer, because of the * * * sex, * * * age, or ancestry of any

person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." The Supreme Court of Ohio has held that age discrimination cases brought in state courts should be construed and decided in accordance with federal guidelines and requirements. *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 147. A plaintiff may establish a prima facie case of discrimination either by direct evidence or by the indirect method established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792. Plaintiff has not alleged any direct evidence of age discrimination, such as discriminatory comments made by his superiors regarding his age during the times that he was disciplined. See *Chitwood v. Dunbar Armored, Inc.* (S.D. Ohio 2003), 267 F. Supp.2d 751, 754. To state a prima facie case of age discrimination using the indirect evidence method, plaintiff must establish that he: 1) *was at least 40 years old at the time of the alleged discrimination*; 2) was subjected to an adverse employment action; 3) was otherwise qualified for the position; and 4) that after plaintiff was rejected, a substantially younger applicant was selected. *Burzynski v. Cohen* (C.A. 6, 2001), 264 F.3d 611, 622. (Emphasis added.)

{¶ 12} In his deposition, plaintiff stated that his birth date was February 5, 1968. When plaintiff's employment was terminated in 2006, he was 38 years old. On May 30, 2007, when plaintiff asserts that he was unfairly denied the use of sick leave, he was 39 years old. To state a claim of age discrimination, plaintiff must be 40 years of age or older. See R.C. 4112; *Burzynski*, supra. Therefore, as a matter of law, plaintiff's claims

of age discrimination based upon any adverse employment actions that occurred in 2006 or 2007 must fail.

{¶ 13} The incident for which plaintiff's employment was finally terminated occurred on May 30, 2007, when he was 39 years old.  Plaintiff's termination was effective March 13, 2008, when he was 40 years old.  However, the Supreme Court of Ohio has recently held that an age discrimination claim brought pursuant to R.C. 4112.99[2] is subject to the substantive provisions of R.C. 4112.02 and 4112.14, including R.C. 4112.14(C),[3] and that pursuant to R.C. 4112.14(C), when the discharge of an employee has been arbitrated and the discharge has been found to be for just cause, the discharged employee is barred from pursuing an action for age discrimination. *Meyer v. United Parcel Service, Inc.*, 122 Ohio St.3d 104, 2009-Ohio-2463, ¶56.

{¶ 14} On November 11, 2008, an arbitrator issued an opinion and award wherein she found that plaintiff's employer had just cause to remove him.  (Defendant's Exhibit 6.)  Therefore, construing the evidence most strongly in favor of plaintiff,

---

[2]R.C. 4112.99 states:  "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

[3]R.C. 4112.14 states, in part:

"(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

"(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. * * *

"(C) The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code *shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause.*" (Emphasis added.)

reasonable minds can come to but one conclusion that being that he is barred from pursuing a claim of age discrimination pursuant to the plain language of R.C. 4112.14(C).  Therefore, defendant is entitled to judgment as a matter of law on plaintiff's claims of age discrimination.

**SEX DISCRIMINATION**

{¶ 15} Plaintiff has not alleged any direct evidence of sex discrimination.  To state a prima facie case of sex discrimination using the indirect evidence method, plaintiff must establish that:  (1) he was a member of a statutorily protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by, or that the removal permitted the retention of, a person not belonging to the protected class.  *Starner v. Guardian Indus.* (2001), 143 Ohio App. 3d 461, 471.   Plaintiff was not a member of the statutorily-protected class for gender discrimination.  In addition, he was not replaced by a female employee.[4]

{¶ 16} To establish a prima facie case of reverse gender discrimination, plaintiff must show that "(1)   background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority, and (2)  that the employer treated employees who were similarly situated, but not members of the protected group, more favorably."  *Thompson v. Dover Elks*, Tusc. App. No.  2002 AP 02 0016, 2002-Ohio-5610, ¶16, quoting  *Murray v. Thistledown Racing Club, Inc.* (C.A. 6, 1985), 770 F.2d 63, 67.

---

[4]In plaintiff's affidavit, he states that he was replaced by Michael Ervin, who was hired prior to plaintiff's 2008 termination.

{¶ 17} Plaintiff bases his claims of reverse gender discrimination on the conduct of three female employees.  In his deposition, plaintiff testified that approximately two to three years prior to his 2008 termination, his supervisor, Sergeant Litteral, permitted a co-worker, Michelle Dorsey, to lie down for two hours and take a nap at work one time when she was "cramping."   Plaintiff also mentions that Dorsey was given a verbal warning for hitting a hydrant with her patrol car and "lying about it" approximately eight years ago.   Plaintiff also testified that another employee, Lana Spriggs, "regularly spends time at her house way off her line assignment" and that she has never been "written up" for it.  He also alleges that Spriggs was constantly "on post" and that she kept her patrol car dirty but that he was singled out by Sergeant Litteral when he was ordered to clean his car and present it to his supervisor for inspection.  Plaintiff admitted that he was not disciplined either for being off post or for having a dirty car.  The only other incident that plaintiff described was that Sergeant Carla Taulbee used a taser on an individual at some point after plaintiff's termination in 2006 but that she was not disciplined.

{¶ 18} Construing the facts most strongly in favor of plaintiff, he has not established a prima facie case of reverse gender discrimination.  Plaintiff has not shown that background circumstances support the suspicion that defendant is that unusual employer who discriminates against the majority.

{¶ 19} Assuming, arguendo, that plaintiff could state a prima facie case of reverse gender discrimination, in the context of a motion for summary judgment, defendant may overcome the discriminatory presumption by "propounding a legitimate, nondiscriminatory reason for plaintiff's discharge.  [Then], plaintiff must * * * show that

the rationale set forth by defendant was only a pretext for the unlawful discrimination." *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 503, quoting *Barker v. Scovill, Inc.*, supra at paragraph one of the syllabus.

{¶ 20} Defendant asserts that a legitimate, nondiscriminatory reason for plaintiff's discharge was that he falsely claimed that he was on stationary patrol while he was lying in his bed at home. Plaintiff must bring forth evidence to show that "the employer's proffered explanation is unworthy of credence." *Reeves v. Sanderson Plumbing Products, Inc.* (2000), 530 U.S. 133, 143, quoting *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 256. "That showing does not involve weighing the sufficiency of the reasons the employer gives to support the judgment the employer made to terminate the claimant. Rather, it looks to whether the reasons offered are, on the facts involved, objectively false." *Risley v. Comm Line, Inc.*, Miami App. No. 02CA42, 2003-Ohio-2211, ¶28, citing *Reeves*, supra. Although plaintiff disagrees with whether he should have been fired for his conduct, he does not deny that he was at home, lying in bed, and that he chose to document that he was on stationary patrol at that time. Construing the evidence most strongly in favor of plaintiff, genuine issues of material fact do not exist regarding pretext. Therefore, as a matter of law, plaintiff's claim of sex discrimination must fail.

**HOSTILE WORK ENVIRONMENT**

{¶ 21} In Count 3 of plaintiff's complaint, he asserts a claim of hostile work environment. In his response to defendant's motion, plaintiff states that he has "suffered illegal age and sex discrimination and/or hostile work environment based upon

same and/or in violation of Ohio's whistleblower statutes." However, to establish a claim of a hostile work environment based on sex, plaintiff must show "(1) that the harassment was unwelcome; (2) that the harassment was based on sex; (3) that the harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment; and (4) that the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action." *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 176-177, 2000-Ohio-128.

{¶ 22} Based on the materials permitted under Civ.R. 56(C), plaintiff has failed to allege, let alone state, a prima facie case of hostile work environment. Construing the evidence most strongly in favor of plaintiff, defendant is entitled to judgment as a matter of law on plaintiff's hostile work environment claim.

**RETALIATION**

{¶ 23} Plaintiff further claims that his employment was terminated in retaliation for writing a letter in support of his union that set forth matters of public concern.

{¶ 24} R.C. 4112.02(I) provides that it is unlawful "[f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."

{¶ 25} In order to establish a prima facie case of retaliation, pursuant to R.C. 4112.02(I), a plaintiff is required to prove that: "'(1) plaintiff engaged in a protected activity; (2) the employer knew of plaintiff's participation in the protected activity; (3) the employer engaged in retaliatory conduct; and (4) a causal link exists between the protected activity and the adverse action.'" *Motley v. Ohio Civil Rights Commission*, Franklin App. No. 07AP-923, 2008-Ohio-2306, ¶11; quoting *Zacchaeus v. Mt. Carmel Health Sys.*, Franklin App. No. 01AP-683, 2002-Ohio-444. (Additional citations omitted.) The first element of a prima facie case of retaliation is that plaintiff must have engaged in a "protected activity." Generally, "[a]nyone who participates in bringing a

claim of unlawful discriminatory practice is engaging in a protected activity." *HLS Bonding v. Ohio Civ. Rights Comm'n.*, Franklin App. No. 07AP-1071, 2008-Ohio- 4107, ¶21, citing *Thatcher v. Goodwill Industries of Akron* (1997), 117 Ohio App.3d 525, 535.

{¶ 26} Assuming that the letter that plaintiff wrote qualifies as a "protected activity," plaintiff must show that a causal link exists between the letter and the termination of his employment. To determine whether a causal connection exists, courts have considered the amount of time between the protected activity and the adverse employment action. An employee must show that "the alleged retaliatory action followed [the employee's] participation in the protected activity sufficiently close in time to warrant an inference of retaliatory motivation." *Neal v. Hamilton County* (1993), 87 Ohio App.3d 670, 678. Plaintiff wrote the letter in the fall of 2006. Plaintiff's employment was terminated in March 2008. Construing the evidence most strongly in favor of plaintiff, he has failed to state a prima facie case of retaliation. See *Reeves v. Digital Equipment Corp.* (N.D. Ohio, 1989), 710 F. Supp. 675, 677 ("as a matter of law, three months is too long to support an inference of retaliation"). Therefore, defendant is entitled to judgment as a matter of law on plaintiff's retaliation claim.

**WHISTLEBLOWER CLAIM**

{¶ 27} Civ.R. 12(H)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." To the extent that plaintiff attempts to assert a whistleblower retaliation claim under either R.C. 4113.52 or 124.341, this court is without jurisdiction to determine such causes of action. *Dargart v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2002-09668, 2005-Ohio-4463. Therefore, plaintiff's whistleblower claim shall be dismissed sua sponte. Defendant's motion for summary judgment as to the remainder of plaintiff's claims shall be granted and judgment shall be rendered in favor of defendant.

PHILLIP J. LAJOYE

     Plaintiff

     v.

OHIO HIGHWAY PATROL

     Defendant
     Case No. 2008-03173

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

     A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Plaintiff's whistleblower claim is DISMISSED sua sponte. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Daniel R. Forsythe         James H. Banks
Eric A. Walker           P.O. Box 40
Assistant Attorneys General    Dublin, Ohio 43017
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

HTS/cmd
Filed November 23, 2009
To S.C. reporter December 29, 2009