[Cite as *Kellogg v. Ohio State Univ.*, 2011-Ohio-4848.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THEODORE KELLOGG

Plaintiff

v.

OHIO STATE UNIVERSITY

Defendant

Case No. 2010-01140

Judge Joseph T. Clark

DECISION

{¶1} On June 1, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). A non-oral hearing was held on the motion on June 29, 2011. Plaintiff's July 1, 2011 motion for an extension of time to file his response does not convince the court that plaintiff's failure to timely file a response was the result of excusable neglect. See Civ.R. 6(B). Accordingly, the motion is DENIED.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} According to the complaint, plaintiff was employed as a business manager in defendant's medical center from 1999 until 2008, when defendant abolished his position and terminated his employment. Plaintiff, who relates that he was 59 years old at the time of his termination, alleges that defendant discriminated against him on the basis of his age. Plaintiff further alleges that defendant terminated him in retaliation for concerns that he expressed about the health of another employee. Plaintiff asserts claims of age discrimination under R.C. 4112.14 and 4112.99; retaliation under R.C. 4112.02; wrongful termination in violation of public policy; promissory estoppel; breach of contract; and, fraud.

## AGE DISCRIMINATION

{¶5} Plaintiff alleges both that defendant terminated his employment on the basis of his age, and that he experienced age discrimination in the form of harassment during his employment with defendant.

{¶6} "R.C. 4112.14(A) prohibits age discrimination in employment, and sets forth a protected class as follows: 'No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.'" *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, ¶8.

{¶7} "Absent direct evidence of age discrimination, in order to establish a prima facie case of a violation of R.C. 4112.14(A) in an employment discharge action, a plaintiff-employee must demonstrate that he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially

younger age." Id. at paragraph one of the syllabus. "If a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for its discharge of the plaintiff. Should the employer carry this burden, the plaintiff must then prove that the reasons the employer offered were not its true reasons, but merely a pretext for discrimination." *Wigglesworth v. Mettler Toledo Intl., Inc.*, Franklin App. No. 09AP-411, 2010-Ohio-1019, ¶16. (Internal citations omitted.)

{¶8} Defendant argues that even if plaintiff were able to establish a prima facie case, defendant had legitimate, non-discriminatory reasons for terminating plaintiff's employment. In support of its motion, defendant submitted the affidavit of Mary Jo Welker, M.D., who was the Chair of defendant's Department of Family Medicine at all times relevant. Dr. Welker states in her affidavit that the abolishment of plaintiff's position resulted from a need to achieve cost savings and efficiencies within the department and the medical center as a whole, as well as plaintiff's inability to carry out his job duties. According to Dr. Welker, plaintiff's age played no role in the decision to abolish his position. Defendant also submitted plaintiff's deposition testimony, wherein plaintiff acknowledged that he informed Dr. Welker that he was having difficulty fulfilling his job duties.

{¶9} Based upon the evidence submitted by defendant, the only reasonable conclusion to draw is that defendant had legitimate, non-discriminatory reasons for terminating plaintiff's employment.

{¶10} Plaintiff's claim of age-based harassment requires proof, inter alia, that plaintiff "was subjected to harassment, either through words or actions, based on age * * *." *Crawford v. Medina Gen. Hosp.* (C.A.6, 1996), 96 F.3d 830, 834. When plaintiff was asked during his deposition to describe the conduct underlying his harassment claim, plaintiff testified that he had to work longer hours than other employees and that his work was subject to "unfair criticism" by Dr. Welker. However, plaintiff has failed to present evidence to support a conclusion that the alleged harassment was in any way based upon his age.

{¶11} Based on the foregoing, the court concludes that defendant is entitled to judgment as a matter of law on plaintiff's claims of age discrimination.

**RETALIATION**

{¶12} Plaintiff alleges that defendant terminated his employment in retaliation for his "being concerned for an employee's safety once he learned that she had uncontrollable seizures."

{¶13} R.C. 4112.02 provides, in part:

{¶14} "It shall be an unlawful discriminatory practice: * * * (I) For any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."

{¶15} "Thus, R.C. 4112.02(I) prohibits discrimination under the following two situations: '1) where an employee has opposed any unlawful discriminatory practice, the "opposition clause"; and (2) where an employee has made a charge, testified, assisted or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code, the "participation clause."' *Coch v. Gem Indus., Inc.*, Lucas App. No. L-04-1357, 2005-Ohio-3045, at ¶29. Further, "'[i]n order to engage in a protected opposition activity * * * a plaintiff must make an overt stand against suspected illegal discriminatory action.'" Id. at ¶32, quoting *Comiskey v. Automotive Industry Action Group* (E.D.Mich. 1999), 40 F.Supp.2d 877, 898." *Motley v. Ohio Civ. Rights Comm.*, Franklin App. No. 07AP-923, 2008-Ohio-2306, ¶10.

{¶16} While plaintiff alleges that he was "concerned" for the health or safety of a fellow employee due to her having seizures in the workplace, plaintiff's complaint fails to set forth any allegation that plaintiff either actively opposed an unlawful discriminatory practice, or participated in any investigation, proceeding, or hearing concerning the same. Moreover, the evidence submitted by defendant does not show that plaintiff engaged in any such protected activity.

{¶17} Upon review, reasonable minds can only conclude that plaintiff did not engage in a protected activity under R.C. 4112.02(I). Thus, plaintiff's claim of retaliation must fail as a matter of law.

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

{¶18} For his claim of wrongful termination in violation of public policy, plaintiff alleges that the termination of his employment was a retaliatory act and that "Ohio has a clear public policy against discriminating against a person who assists in any way a disabled person as evidenced by its statutes prohibiting discriminating based on disabilities."

{¶19} However, the Supreme Court of Ohio has held that a common-law tort claim for wrongful discharge in violation of public policy does not exist where statutory remedies such as those set forth in R.C. Chapter 4112 provide complete relief. *Leininger v. Pioneer Natl. Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921; see also *Reid v. Plainsboro Partners, III*, Franklin App. Nos. 09AP-442 & 09AP-456, 2010-Ohio-4373, ¶64-65. In this case, plaintiff alleges that defendant violated the policy set forth in R.C. 4112.02(I) that prohibits an employer from retaliating against an employee who opposes a discriminatory practice. Inasmuch as R.C. 4112.02(I) protects the state's policy against such retaliation by providing a statutory remedy to aggrieved employees, a common law claim for wrongful discharge in violation of public policy does not exist.

## PROMISSORY ESTOPPEL

{¶20} The crux of plaintiff's promissory estoppel claim is that defendant's "policies and practices" promised him continued employment.

{¶21} "To establish a claim for promissory estoppel, an employee must prove: (1) a clear and unambiguous promise, (2) made by the employer, (3) which the employer should reasonably and forseeably expect to induce reliance by the employee, and (4) upon which the employee must have actually relied and suffered injury as a result." *Miller v. Lindsay-Green, Inc.*, Franklin App. No. 04AP-848, 2005-Ohio-6366, ¶35.

{¶22} In his complaint, plaintiff alleges that he relied upon unidentified policies of defendant rather than a clear and unambiguous promise. Further, when asked to identify such policies during his deposition, plaintiff stated: "I don't have a specific policy." (Kellogg Depo., p. 92.)

**{¶23}** Moreover, "promissory estoppel will not apply when a position taken by an agency is contrary to express statutory law." *Drake v. Med. College of Ohio* (1997), 120 Ohio App.3d 493, 495.

**{¶24}** R.C. 3335.09 states, in part:

**{¶25}** "The board of trustees of the Ohio state university shall elect, fix the compensation of, and remove, the president and such number of professors, teachers, and other employees as are necessary * * *."

**{¶26}** Inasmuch as the statutory authority to employ plaintiff is vested exclusively with defendant's board of trustees, it is per se unreasonable for plaintiff to have relied upon the alleged representations of continued employment. Thus, plaintiff's claim of promissory estoppel fails as a matter of law.

**{¶27}** Similarly, plaintiff's breach of contract claim is premised upon "implied promises, * * * policies, * * * and communications from defendant's employees * * * which constituted a contract of employment." Because such contractual authority was vested exclusively with defendant's board of trustees, plaintiff's breach of contract claim must also fail.

**FRAUD**

**{¶28}** For his claim of "fraudulent inducement and/or fraudulent misrepresentation," plaintiff alleges that defendant represented to him that he was expected to "be helpful" and to "interact" with other employees, but that such representations were false and that defendant terminated him for his "being concerned" for another employee's safety.

**{¶29}** "A claim of fraudulent inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation." *Am. Outdoor Advertising Co., L.L.C. v. P&S Hotel Group, Ltd.*, Franklin App. No. 09AP-221, 2009-Ohio-4662, ¶31, quoting *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 502. In order to prevail on such a claim, plaintiff must establish that defendant knowingly made a material misrepresentation with the intent of inducing plaintiff's reliance, and that plaintiff justifiably relied upon such misrepresentation to his detriment. Id. "The elements of fraudulent inducement are essentially the same as those for fraudulent

misrepresentation * * *."  *Pedone v. Demarchi*, Cuyahoga App. No. 88667, 2007-Ohio-6809, ¶29.

{¶30}  Plaintiff does not allege that he was induced to enter into an agreement with defendant.  Further, when plaintiff was asked during his deposition to describe the representations upon which he allegedly relied, plaintiff referred to unidentified policies which he understood to promise him "continued employment."  As previously stated, any reliance by plaintiff upon promises of continued employment was unreasonable. Accordingly, plaintiff's claim for fraud is without merit.

{¶31}  For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THEODORE KELLOGG

    Plaintiff

    v.

OHIO STATE UNIVERSITY

    Defendant
    Case No. 2010-01140

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

{¶32}    A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

                         _____
                         JOSEPH T. CLARK
                         Judge

cc:

Amy S. Brown
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

William W. Patmon III
4100 Regent Street, Suite U
Columbus, Ohio 43219

Christopher E. Hogan
Wanda L. Carter
Special Counsel to Attorney General
5025 Arlington Centre Blvd., Suite 400
Columbus, Ohio 43220

RCV/dms
Filed July 29, 2011
To S.C. reporter September 22, 2011